# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **COREY A. TAYLOR, Inmate #B17010,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-536-MJR** |
| | ) | |
| **TOMA OSMAN and JOANNA HOSCH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendant Hosch for sending or forcing Plaintiff to send legal documents through institutional mail, unsealed, thereby breaching the confidentiality of the documents.
>
> **COUNT 2:** Against Defendants Hosch and Osman for providing inadequate legal assistance causing detriment to his state court motion for post-conviction relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and

any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

## COUNT 1

Plaintiff states that Defendant Hosch, the paralegal assistant assigned to his housing unit,

refused to come pick up his outgoing legal mail, despite her knowledge of Plaintiff's court deadline.

Because of Hosch's refusal to pick up his mail, Plantiff was forced to send a motion for discovery

and subpoenas through the institutional mail unsealed, thereby breaching the confidentiality of the

documents.  On another occasion, December 17, 2003, Defendant Hosch sent Plaintiff's legal

documents to another inmate through institutional mail unsealed.  And again on December 24, 2003,

Defendant Hosch mailed Plaintiff's legal documents through the institutional mail unsealed.

Plaintiff states that on each of these occasions the confidentiality of the documents was breached.

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v.*

> *McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196
> F.3d at 782.  An inmate's legal mail, however, is entitled to greater protections
> because of the potential for interference with his right of access to the courts.  *Rowe*,
> 196 F.3d at 782.  Thus, when a prison receives a letter for an inmate that is marked
> with an attorney's name and a warning that the letter is legal mail, officials
> potentially violate the inmate's rights if they open the letter outside of the inmate's
> presence.  *See Wolff*, 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail
> Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005).  Whether Plaintiff states a claim

depends upon the assumption that the documents in question were privileged, and therefore entitled

to greater protection.  Plaintiff does state that the documents included a motion for discovery and

subpoenas, but does not elaborate on the nature of the other legal documents.  Plaintiff also does not

indicate whether the letters were marked as legal mail, or whether they were opened and read by

institution officials, nor is the Court told how the institution usually handles legal mail.  While it is

true that "isolated incidents of interference with legal mail" may not state a constitutional violation

without a showing of "a systematic pattern or practice of interference," *see Bruscino v. Carlson*, 654

F.Supp. 609, 618 (S.D. Ill. 1987), the Court cannot determine at this stage of the litigation whether

Defendant Hosch's actions might constitute such a pattern or practice.  Accordingly, the claim that

Defendant Hosch caused Plaintiff's legal mail to be interfered with cannot be dismissed at this point

in the litigation.

## COUNT 2

Plaintiff states that Defendants Hosch and Osman provided him inadequate legal assistance,

thereby interfering with his right of access-to-courts.  Plaintiff states that Defendant Hosch's delay

in providing Plaintiff "key numbers," copies, and library time caused him to be unable to present

to an Illinois state court certain motions in time for his hearing.  Plaintiff states that as a direct result,

Plaintiff's motion for post-conviction relief was dismissed.  Plaintiff states that after the dismissal

of that motion, he filed an appeal and was appointed a state appellate defender.  Plaintiff preferred

to proceed *pro se* in the appeal, and attempted to file a motion to that effect.  He requested an

annotated Supreme Court Rule from Defendant Osman, but she refused to provide it, stating that it

was available to Plaintiff in the library.  Plaintiff states that it was not there and that he never had

access to this particular rule.  As a result, he had to request that the appellate defender withdraw his

motion to proceed pro se "as it was obvious that reliance on such deficient/inadequate services by

defendant Osman would have severely prejudice Plaintiff's ability to litigate the appeal."  Plaintiff

states that the appellate defender delayed filing a brief in the appeal for one year and three months.

Plaintiff states that had he had "adequate assistance" from Defendant Osman, he could have met the

brief due date had he been allowed to proceed pro se.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the

right of access to the courts.  *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v.

Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to

assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate

law libraries or adequate assistance from persons trained in the law."  *Jenkins,* 977 F.2d at 268

(*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some

quantum of detriment caused by the challenged conduct of state officials resulting in the interruption

and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn,* 13 F.3d 1036,

1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992);

*Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019,

1021 n.2 (7th Cir. 1987).  That means that a detriment must exist, a detriment resulting from illegal

conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969

F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.

Plaintiff here has alleged that defendants provided him inadequate legal assistance and he has alleged that he experienced a detriment, albeit a tenuous one, to the litigation of his motion for post-conviction relief.  Accordingly, this claim cannot be dismissed at this point in the litigation.

SUMMARY AND CONCLUSION

Plaintiff is allowed to proceed on both Counts of the complaint against Defendants Hosch and Osman.  Plaintiff has already effected service upon the defendants, and they have responded with a Motion to Dismiss (Doc. 9).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for adjudication of the Motion to Dismiss and for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 4ᵗʰ day of April, 2006.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**