**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **COREY A. TAYLOR, Inmate #B17010,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 05-cv-0536-MJR** |
| | **)** | |
| **TOMA OSMAN and JOANNA HOSCH,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter comes before the Court on a February 17, 2006 motion to dismiss filed by Defendants, Toma Osman and JoAnna Hosch (Doc. 9). As described below, the Court partially grants and partially denies the motion.

Corey Taylor ("Plaintiff") is an inmate in the Illinois Department of Corrections ("IDOC"), currently incarcerated at Tamms Correctional Center. Defendants are alleged to be paralegals employed by IDOC at Tamms. By prior Order (Doc. 11), the Court distilled the complaint into two counts, both of which allege violations of 42 U.S.C. § 1983. Count I charges that Osman either sent or forced Plaintiff to send legal documents, unsealed, through institutional mail, breaching the confidentiality of those documents. Count II alleges that Hosch and Osman denied Plaintiff access to legal assistance which undermined the success of his post-conviction relief efforts.

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. In reviewing such motions, the Court must accept as true all well-pleaded facts and resolve in the plaintiff's favor all reasonable inferences. ***Jet, Inc. v. Shell Oil Co.*, 381 F.3d 627,**

**629 (7th Cir. 2004).** Because plaintiff proceeds pro se, the Court leniently applies this standard. ***See, e.g., Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).**

The following facts are taken as true for purposes of this order. Plaintiff was an inmate at Tamms Correctional Center on November 7, 2003. Joanna Hosch, a paralegal at the institution, was assigned to Plaintiff's housing unit. Plaintiff had pending a petition for post-conviction relief which challenged the validity of his Peoria County conviction. Hosch knew that Plaintiff had an approaching deadline to file a motion for discovery and subpoenas in the post-conviction matter. She refused to pick up the documents Plaintiff wanted to file, which forced Plaintiff to send the documents through institutional mail. Plaintiff believes that his unsealed and confidential documents were read by mail room staff, thereby breaching their confidentiality.

Hosch further breached the confidentiality when, on December 17, 2003, she caused Plaintiff's legal documents to be sent through institutional mail to another unidentified inmate who handed them over to security personnel, resulting in another confidentiality breach. Hosch again sent Plaintiff's documents unsealed through the institutional mail system on December 24, 2003. The circuit court did not receive Plaintiff's motions for discovery and subpoenas prior to the December 31, 2003 hearing. Plaintiff's request for post-conviction relief was dismissed that same day. Plaintiff immediately appealed the circuit court's action, and the State Appellate Defender was appointed. Upon his return to the prison, Plaintiff requested an annotated version of Illinois Supreme Court Rule 607(a) concerning appointment of counsel on appeal. The request was directed to defendant Osman, also a paralegal assigned to Plaintiff's housing unit. Osman told Plaintiff that the material was "in the library" and did not get it for him. The annotated version of the Rule was *not* in the satellite library at Tamms.

Plaintiff believes he was unable to adequately prepare his own appeal without the

annotated version of the Rule and was forced to allow the Appellate Defender to represent him.

Plaintiff's brief was filed by the Appellate Defender in June 2005. Plaintiff believes that – given the proper legal materials – he would have had a brief on file by April 2004 (15 months earlier). Plaintiff claims damages for the confidentiality breaches and the 15-month delay in the filing time for his appellate brief. There is no indication what ultimately transpired with Plaintiff's appeal.

Count I:

It is well-established that inmates enjoy the right to send and receive mail. ***Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999).** Prison practices and procedures regarding inmate mail are closely scrutinized when access-to-courts issues are present. ***Lewis v. Casey*, 518 U.S. 343 (1996).** As long as outgoing mail does not interfere with substantial governmental interests of security, order, and rehabilitation, the mail receives First Amendment protection from censorship. However, sporadic delays and delays of minor proportions do not constitute First Amendment deprivations. ***Sizemore v. Williford*, 829 F.2d 608, 611 (7th Cir. 1987).**

Although Plaintiff does enjoy constitutionally-protected rights to mail and court access, there is no right to have all correspondence between him and the courts considered confidential. Mail from a court to an inmate is *not* considered to be a privileged communication which must be opened in the inmate's presence. With certain narrow exceptions not present here, all correspondence from a court to a litigant falls within the realm of public documents. ***Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1995); *Martin v. Brewer*, 830 F.2d 76 (7th Cir. 1987)**.

The Seventh Circuit has explained: "prison employees can open official mail sent by a court clerk to an inmate without infringing on any privacy right." ***Antonelli*, 81 F.3d at 1431.** The Seventh Circuit has emphasized that, generally, "all correspondence from a court to a litigant

is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged." ***Martin*, 830 F.2d at 78.**

In the case at bar, the material at issue consists of discovery and subpoena requests. Both of those are publicly filed and maintained. Both could have been viewed by prison officials, and no breach of constitutional rights has been described. The same holds true for Plaintiff's complaint that Hosch sent his legal mail unsealed to another inmate. That, by itself, states no claim for relief. Thus Rule 12(b)(6) dismissal is warranted as to Count I.

Count II:

To prove denial of access to courts, Plaintiff must show that some action of Defendants actually prevented or delayed some meaningful activity related to pursuing non-frivolous litigation. In other words, he must show some actual prejudice to his efforts. ***Kincaid v. Vail*, 969 F.2d 594 (7th Cir. 1992)**. Mere delay, without more, is insufficient.

Here, the detriment alleged is the failure of Plaintiff's post-conviction relief efforts. Plaintiff contends that Hosch knew of the impending deadline for requesting discovery and subpoenas, that his (Plaintiff's) needs were ignored, and that as a result the state court did not receive his requests in time for the December 2003 hearing. Plaintiff had no information to support his request and lost.

Defendants say "so what?" to Plaintiff's post-conviction relief failure (and, for purposes of this motion, their own inaction) by citing *Heck v. Humphrey*, 512 U.S. 477 (1984), *Muhammad v. Close*, 540 U.S. 749 (2004), and *Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986). Those cases stand for the proposition that a prisoner's § 1983 damages action which implicitly questions the validity or duration of a conviction or sentence has, as a prerequisite, that the prisoner must initially achieve favorable termination of his available state or federal habeas opportunities to

challenge the underlying conviction or sentence. Defendants reason that since their alleged conduct occurred in connection with Plaintiff's attempt to have his conviction invalidated, proof of his claim would necessarily impact on matters strictly relegated to habeas corpus proceedings.

Not so, at least, as to Defendant Hosch. Plaintiff's only pleading requirement is that he pursue non-frivolous litigation. Post-conviction relief falls into that category. He does not have to prove that his efforts would have succeeded, in order to prevail on his access-to-courts claim.

He may wish to try that, because it would enhance his potential recovery. That is where *Heck*, *Muhammad*, and *Hanson* would come into play. Proof of those damages would necessarily call into question the propriety of his incarceration. His case can proceed without those damages being sought, however.

It is possible, for example, that he could establish that his case would have been presented in a better light had Hosch done what he claims she should have done. That might support recovery on his access-to-courts claim, albeit with fewer dollars at stake. Such a finding would not have anything to do with the fact or duration of his confinement.

If the only damages Plaintiff sought were to compensate him for a wrongful conviction, then *Heck* would bar this case from proceeding. But, it is possible that he could win his case without getting into that issue. For example, nominal damages are available. Such a result would not call into question the fact or duration of his confinement. So dismissal is not merited as to Count II.

To summarize, Plaintiff's claim against Osman concerning the failure to retrieve the annotated Illinois Supreme Court Rules does not survive Rule 12(b)(6) scrutiny. At most, his case was delayed. Pursuant to *Kincaid v. Vail*, that is insufficient.

In contrast, Plaintiff's claim against Hosch does pass Rule 12(b)(6) muster.

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Defendants' dismissal motion (Doc. 9). The motion is *granted* as to Defendant Osman, and the Court **DISMISSES** Count I of Plaintiff's complaint. The motion is *denied* as to Defendant Hosch, and Count II remains viable.

The Court **DENIES AS MOOT** the other pending motion – Doc. 18, Taylor's July 2006 "Motion for Disposition" – which simply sought resolution of the above-analyzed dismissal motion.

**IT IS SO ORDERED.**

**DATED this 22nd day of September 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**