# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY A. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-cv-0536-MJR ) |
| TOMA OSMAN and JoANNA HOSCH, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

### I. INTRODUCTION

Corey Taylor, an inmate in the custody of the Illinois Department of Corrections (IDOC) currently incarcerated at Tamms Correctional Center, brings this action for deprivation of rights secured to him by the United States Constitution. Named as Defendants are Toma Osman and JoAnna Hosch, two paralegals employed by IDOC at Tamms.

By prior Order, this Court distilled Taylor's complaint into two counts, both of which allege violation of 42 U.S.C. § 1983. Count I was dismissed in September 2006. The remaining count (Count II) alleges that Hosch and Osman denied Taylor access to legal assistance, which undermined the success of his post-conviction relief efforts. Now before this Court is Defendant Hosch's motion seeking summary judgment on Taylor's claim against her (Doc. 25). Defendant Osman did not join in Hosch's motion or separately move for summary judgment.

For the below-delineated reasons, the Court grants Hosch's motion for summary judgment (Doc. 25) thereby dismissing her from this case, denies Taylor's motion (Doc. 33) to "amend" his response to Hosch's motion, and denies Taylor's request for oral argument (Docs. 32) on Hosch's motion.

## II. APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. ***Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008),** *citing* **Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and *Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007). *Accord Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).**

In ruling on a summary judgment motion, this Court must view the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. ***TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).**

But the nonmovant "must present 'specific facts showing that there is a genuine issue for trial," ***Jordan v. Summers*, 205 F.3d 337, 247 (7th Cir. 2000).** And this Court can *find* a genuine issue of material fact "only if sufficient evidence favoring the nonmoving party exists [which would] permit a jury to return a verdict for that party." ***Argyropoulos v. City of Alton*, — F.3d —, 2008 WL 3905891 (7th Cir. Aug. 26, 2008),** *quoting* ***Sides v. City***

2

*of Champaign*, **496 F.3d 820, 726 (7th Cir. 2007)**.  The Court now turns to the standards governing claims for denial of court access.

In ***Bounds v. Smith*, 430 U.S. 817, 828 (1977)**, the United States Supreme Court held: "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." ***Bounds*** did not create a "freestanding right to a law library or legal assistance." ***Lewis v. Casey*, 518 U.S. 343, 351 (1996).**  Rather, "[i]nsofar as the right vindicated by ***Bounds*** is concerned, 'meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

Similarly, the United States Court of Appeals for the Seventh Circuit has held: "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." ***Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).**

Thus, "proof that a lack of access to legal materials has undermined a concrete piece of litigation is an essential component" of any denial-of-access

3

claim. *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007). Bearing these standards in mind and so viewing the record before it, the Court addresses Hosch's motion for summary judgment.

### III. OVERVIEW OF PARTIES' POSITIONS

The crux of Taylor's claim against Hosch is that she denied him meaningful court access by failing to provide adequate legal assistance in Taylor's post-conviction relief efforts. At a hearing held on December 31, 2003, Taylor's challenge to the validity of his Peoria County conviction was dismissed (on the state's motion) for failure to state a claim.

Although this was not an evidentiary hearing, Taylor contends that Hosch's delay prevented him from subpoenaing witnesses to testify at the hearing and provide "factual evidentiary support to the claims and allegations that [he] was raising in [his] post conviction petition." (Plaintiff's Deposition, Doc. 25-2, p. 18).

In short, Taylor alleges that the dismissal of his petition at the December 2003 hearing was proximately caused by Hosch's deficient paralegal assistance.

Hosch asserts that she is entitled to summary judgment because even if Taylor could show that she failed to assist in the preparation and filing of his pleadings, Taylor has failed to provide any evidence that his post-conviction relief request was impeded such that he suffered an actual injury as a result of Hosch's actions.

4

## IV. ANALYSIS

At all times relevant to this lawsuit, Taylor was an inmate at Tamms Correctional Center. Hosch was assigned to Taylor's housing unit. Hosch's duties as a paralegal included providing legal materials, maintaining the main law library, scheduling and maintaining the satellite law libraries, providing notary services, and providing copies of legal materials, including copies of case law requested by inmates.

In December 2003, Taylor had pending a petition for post-conviction relief that challenged the validity of a Peoria County, Illinois conviction (see *People of State of Illinois v. Taylor, Case No. 91-CR-0116, Circuit Court of the Tenth Judicial Circuit, the Honorable Robert Spears, presiding*). Taylor alleges that Hosch knew he had an approaching deadline to move for the issuance of subpoenas in the post-conviction matter, and Hosch denied him access to the courts by providing him inadequate legal assistance in accomplishing that task.

Specifically, Taylor alleges that Hosch's services were deficient in three ways: (a) she delayed in returning to Taylor copies of his motion to subpoena witnesses, (b) she failed to provide criminal "law key numbers" for Taylor's use at the hearing, and (c) she provided inadequate access to the prison law library. Viewing the record (including Taylor's deposition and an affidavit tendered by Hosch, *see* attachments to Doc. 25) in the light most favorable to Taylor, the Court rejects all three arguments.

5

### A. Motion to Subpoena Witnesses

Taylor sought to subpoena witnesses to testify at the hearing in support of the claims raised in his post-conviction petition. Taylor informed Hosch about the December 31, 2003 hearing <u>on December 9</u>, 2003. Hosch immediately placed Taylor on "deadline status," which meant that he was issued four call passes per week, one more than the normal allotment. Taylor was scheduled to use the law library four times between December 9th and December 17th plus five additional times between December 17th and December 31st.

Sometime between December 10 and December 23, 2003, Taylor prepared a motion to subpoena witnesses and sent it to Hosch to make copies. Taylor acknowledged that his previous requests to Hosch for copies were responded to "within a month." But Taylor expected these particular copies to be returned more quickly than normal due to his deadline status.

On December 23, 2003, Hosch sent Taylor's copies to him via institutional mail. The copies were mistakenly delivered to another inmate. Bearing note is the fact that it was *not Hosch* who delivered Taylor's copies to the wrong inmate. This other inmate told Taylor about getting the documents in error. Taylor received the copies a few days before his transfer for the December 31st hearing.

Although Taylor mailed the motion for subpoenas to the court prior to his December 31st hearing, the court did not receive it before the hearing.

6

Taylor contends that Hosch's failure to hand-deliver the copies to him sooner caused him to not mail the motion to the Court quickly enough and resulted in the state court judge dismissing Taylor's post-conviction petition at the conclusion of the December 31st hearing.

At that hearing, after learning that the court had not yet received his motion, Taylor - who had a copy of the motion with him – provided the motion to the judge and orally presented it as well. Taylor informed the court what witnesses he wanted to testify and how they might provide evidence to support his post-conviction petition. Defense counsel had received Taylor's motion prior to the hearing. The witnesses were discussed. The judge was able to consider the motion at the December 31st hearing.

Ultimately, the court dismissed Taylor's post-conviction petition *for failure to state a claim*. Taylor concedes that even if the court had received the motion just prior to the hearing, the witnesses likely would not have been present at the hearing (which was not an evidentiary hearing anyway). But Taylor complains that because the motion was not filed before the hearing, the court could not "take the matter under advisement."

Taylor's argument is unavailing. Taylor was able to provide his motion to subpoena witnesses to the court at the December 31st hearing. Defense counsel, Taylor, and Judge Spears reviewed and discussed the motion. Nothing prevented the judge from taking the matters before him under advisement.

7

In any event, Taylor has not demonstrated that – if the court had received the motion to subpoena witnesses a few days or a week earlier – the court would have allowed Taylor to supplement his petition for post-conviction relief with witness testimony. The record is wholly devoid of anything to suggest that Taylor's post-conviction petition failed because of a minimal delay in his motion to subpoena witnesses being presented to Judge Spears.

Hosch promptly copied Taylor's motion and placed it in the institutional mail system for return to Taylor. Hosch did not personally stall in the delivery of or misdeliver the copies of the motion. The copies were re-routed to Taylor prior to the hearing, and this delivery mix-up was rectified within a few days. So even attributing to paralegal Hosch a slight delay in Taylor's motion reaching the state court, the undersigned Judge concludes that no reasonable jury could find Taylor prejudiced by Hosch's actions.

B.  <u>Criminal Law Key Numbers</u>

Taylor asked Hosch to provide him with certain "criminal key numbers" that would have allowed him to better understand how to provide evidentiary support for his post-conviction petition.[1] According to Taylor, Hosch thwarted two requests for these key numbers – at first telling Taylor that the digest numbers did not "go up that high."

This naked allegation is flatly contradicted by Hosch's affidavit,

---

[1] This reference appears to be to key numbers in the Westlaw© system. *See* Taylor Depo., Doc. 25-2, p. 32.

which attests that Hosch provided Taylor all case law, statutes, criminal law key numbers and copies he requested.

Taylor alleges that he needed these key law numbers to assist him in (1) preparing the motion to subpoena witnesses, and (2) amending his petition for post-conviction relief. But, as explained above, the motion to subpoena witnesses was prepared and filed, as was the amended petition for post-conviction relief. Taylor admits that he prepared an amended petition with the help of his appointed counsel. That amended petition was filed with the court before Taylor elected to proceed *pro se* on the post-conviction matter (believing he could "do a better job" than his attorney, *see* Doc. 25-2, pp. 15-16).

Taylor has not demonstrated (and the record does not contain any evidence) that Hosch's actions in relation to these criminal law "key numbers" in any way hindered his pursuit of post-conviction relief. As with his claim relating to the delay in returning copies of his motion to subpoena witnesses, Taylor has not shown that Hosch's conduct prejudiced any potentially meritorious challenge to his underlying conviction. So this basis for his denial of court access claim fails.

C. Law Library Access

In his deposition, Taylor testified that Hosch's failure to provide greater access to the law library hampered his ability to properly research his claims, although he "couldn't say" exactly how often he was permitted to use

9

the law library (Taylor Depo., Doc. 25-2, p. 34).

The record establishes that Taylor was issued four call passes per week starting December 9, 2003. And Taylor was permitted use of the law library nine times between December 9 and December 31, 2003.

Taylor's claim that he was denied meaningful law library access does not survive summary judgment. Taylor has failed to dispute the evidence that he was issued four call passes per week beginning the very day he advised Hosch of the upcoming state court hearing (December 9, 2003), and that he was scheduled for use of the law library nine times in the three weeks leading up to that hearing. Taylor requested materials, and Hosch provided them promptly (albeit not as immediately as Taylor would have liked).

There is no "abstract, freestanding right to a law library or legal assistance," **Lewis, 518 U.S. at 351**, and Taylor has failed to furnish sufficient evidence to allow a reasonable jury to conclude that was denied meaningful access to the courts.

In summary, as to all allegations underlying his claim for denial of court access, Taylor has not satisfied either prong of the applicable two-part test. He has not produced evidence that Defendant Hosch failed to assist him in preparing and filing legal papers. And, even if such failure had been demonstrated, Taylor has shown no "quantum of detriment caused by the challenged conduct." **Lehn v. Holmes, 364 F.3d 862, 868 (7th Cir. 2004), citing Brooks v. Buscher, 62 F.3d 176, 179 (7th Cir. 1995).**

No genuine issue of material fact remains as to the actions of Defendant Hosch, and she is entitled to judgment as a matter of law.

### V. RELATED MOTIONS

The Court **DENIES** Taylor's request for oral argument on Hosch's motion for summary judgment (Doc. 32). Oral argument is neither warranted nor necessary, given the full record before the Court.

The Court also **DENIES** Taylor's motion for leave to correct or supplement his response (Doc. 33). In this motion, Taylor asks for leave to supply an inadvertently omitted case citation on page 8 of his 33-page response (Doc. 27). That action is not necessary. Taylor's response was thorough, legible, clear, and replete with citations to applicable law, including the proper two-pronged standard for court-access claims in this Circuit. The unfinished citation on page 8 relates to the motion to subpoena witnesses for the post-conviction relief hearing. This Court was able to glean the import of Taylor's argument without that citation.

### VI. CONCLUSION

A prisoner's right of court access does not guarantee the effective presentation of his civil claims. The right of access "protects prisoners from being shut out of court ," it does not enable prisoners "to litigate effectively once in court." **Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007),** *quoting* **Christopher v. Harbury, 536 U.S. 403, 413 (2002).** Moreover, the withholding of legal materials from inmates does not violate the right of court

access *unless* it prejudices a potentially meritorious legal challenge.  **Marshall, 445 F.3d at 968.**

Here, the record reveals no foot-dragging, interference, or withholding of materials by Defendant Hosch.  Even if Taylor had shown that Hosch failed to assist him in preparing or filing legal pleadings, Taylor has not demonstrated that he was prejudiced in any way thereby – either in his post-conviction proceeding or in any other litigation.  **See Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir. 1995).**

For all these reasons, the Court **GRANTS** Defendant Hosch's motion for summary judgment (Doc. 25), resulting in her dismissal from this action.  At the conclusion of the entire case, the Clerk of Court shall enter judgment in favor of Defendant Hosch and against Plaintiff Taylor.

What remains is Taylor's claim against Defendant Osman for denial of court access (part of Count II).  New counsel entered an appearance for Defendant Osman on June 19, 2008. Neither that counsel (Ellen C. Bruce) nor prior counsel (Matthew A. Lurkins) moved for summary judgment on Osman's behalf, and the time for such motions has passed.  The Magistrate Judge assigned to this case, the Honorable Donald G. Wilkerson now can **set this case for Final Pretrial Conference no later than December 18, 2008.**

Also still pending is a single motion – Plaintiff Taylor's March 3, 2008 letter (construed as a motion, Doc. 31) requesting a hearing to investigate the alleged February 17, 2008 ransacking of his cell and destruction

of his legal materials, following a "hunger strike." The undersigned District Judge is advised that Judge Wilkerson is reviewing that motion at this time.

Finally, litigants and counsel are hereby **NOTIFIED** that if the undersigned Judge conducts **JURY TRIAL** on the sole remaining claim against the sole remaining Defendant (Osman), it will proceed at 9:00 am on **January 12, 2009**. Any motions in limine (i.e., motions asking to exclude evidence or argument from being presented to the jury) must be filed by **December 29, 2008**, with responses filed by **January 5, 2009.**

The party who has not already done so **RETAINS THE RIGHT to consent to trial by Magistrate Judge Wilkerson**, which would result in a different trial date, depending on Judge Wilkerson's docket/calendar.[2]

IT IS SO ORDERED.

DATED this 17th day of September 2008.

s/ Michael J. Reagan
MICHAEL   J.   REAGAN
United States District Judge

---

[2] One party already filed a consent (see Doc. 17), but the undersigned Judge has not opened that sealed document to determine which party has *not* consented.